**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Allessandro SPAGNOLO, Defendant–**
**Appellant.**

**No. 99–3957.**

United States Court of Appeals,
Sixth Circuit.

March 22, 2001.

---

PER CURIAM.

Defendant Allessandro Spagnolo appeals the denial of his motion for downward departure in his sentence for conspiracy to distribute and possess marihuana with intent to distribute in violation of 21 U.S.C. § 846. We affirm.

## I. BACKGROUND

Spagnolo pleaded guilty to a charge of conspiring to distribute and possess with the intent to distribute marihuana. Paragraph five of the plea agreement reads, in part:

> The United States agrees to file, upon the Defendant's substantial assistance, a motion with the court for a downward departure, stating that the Defendant has made a good faith effort to provide substantial assistance in the investigation and prosecution of other persons who have committed offenses. The filing of such motion shall be in the sole discretion of the United States Attorney.

He later made a motion to compel the government to file a downward departure motion. The district court denied the motion on January 12, 1999, and sentenced Spagnolo on January 28, 1999. On July 12, 1999, the district court overruled Spagnolo's motion for "sentence modification/downward departure."

## II. DISCUSSION

Spagnolo argues that he should receive a downward departure because the government's refusal to file a substantial-assistance motion was arbitrary and not rationally related to any legitimate government end. Spagnolo provides two bases for this argument. He argues that the testimony that led to the government's decision on whether to file the motion did "not provide a 'rational' explanation for the government's refusal to file." This argument is based on Spagnolo's assertion that the testimony was unreliable because the officer who provided it could not recall the exact details of her meeting with him. He also argues that the government's refusal to seek downward departure was improper because he did provide substantial assistance.

In *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Court affirmed the denial of a defendant's request for a departure below the statutory minimum and held:

> federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.
>
> It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.

*Id.* at 185; *see also United States v. Williams*, 53 F.3d 769, 772–73 (6th Cir.

1995) (relying on *Wade* to reach the same conclusion).

■ Spagnolo does not allege that the government acted with an unconstitutional motive. His arguments are of the type that are insufficient to "entitle a defendant to a remedy." *Id.*

■ Spagnolo also argues that he is entitled to a downward departure because he provided substantial assistance and his plea agreement required the government to seek a downward departure. If a plea agreement is explicitly discretionary, an argument for a downward departure must be based on the *Wade* requirement of an unconstitutional motive. *See United States v. Williams,* 176 F.3d 301, 308 (6th Cir.1999). Spagnolo's plea agreement is explicitly discretionary. He does not allege an unconstitutional motive. Thus, his argument is without merit.

AFFIRMED.